UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLSBOROUGH TITLE, INC.
a Florida corporation,
d/b/a PARAMOUNT TITLE,

        Case No.:  8:15-cv-01172-EAK-TGW

    Plaintiff,

    v.

SAMORA CONSTRUCTION LLC,
PEARL & SAMORA LLC, and
JPMORGAN CHASE BANK, N.A.,

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Supporting Memorandum of Law (Doc. 2) (the "Motion"), filed May 15, 2015. In support of the Motion, Plaintiff filed the Affidavit of James Farr ("Farr Affidavit"), which was filed contemporaneously with the Motion and was incorporated by reference.

In order to prevail on a motion for a temporary restraining order or preliminary injunction, the moving party must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm, (3) that the threat and injury to the moving party outweighs the harm that the injunction may cause the non-moving party, and (4) that granting the injunction would serve the public interest.  *See N. Am. Med. Corp. v. Axiom Worldwide, Inc.,* 522 F.3d 1211, 1217 (11th Cir. 2008); *Parker v. State Bd. of Pardons & Paroles,* 275 F.3d 1032, 1035 (11th Cir. 2001).

Based on the facts set forth in the Plaintiff's Complaint, the Motion, and the Farr Affidavit, Plaintiff has sufficiently established that it meets the requirements for a temporary restraining order. Defendants Samora Construction LLC and Pearl & Samora LLC created fake email accounts and counterfeit documents to induce and deceive Paramount Title into wiring funds to a Chase Bank account associated with Samora Construction. If Defendants, or any entities or persons that are in active concert or participation with any of them, are allowed to dissipate or spend those funds which were fraudulently obtained, Plaintiff will be irreparably harmed. On the other hand, Defendants will not be irreparably harmed if they are prohibited from spending or otherwise using the funds until it can be determined if Defendants are or are not entitled to the funds.

Accordingly, it is **ORDERED**:

1. The Motion is **GRANTED**.

2. Defendants, and all persons and entities that are in active concert or participation with any of them, are enjoined from directly or indirectly spending, moving, transferring, secreting, assigning, conveying, destroying, encumbering, liquidating, mortgaging, selling, or in any other manner disposing of money that was wired to and/or held in the Chase Bank account associated with Samora Construction, and otherwise preventing Paramount Title from recovering its funds, pending further order of this Court.

3. To secure this Temporary Restraining Order, Plaintiff shall post a bond or cash in the amount of $ 10,000.00, within twenty-four (24) hours.

4. This Order shall be effective for fourteen (14) days.

5. A hearing is scheduled for Monday, June 1, 2015, at 1:30 p.m. before the undesigned in Courtroom 14A, U.S. District Court, 801 North Florida Avenue, Tampa, Florida.

{BC00065437:2}

DONE and ORDERED in Chambers, in Tampa, Florida on this 18th day of May 2015 at 3:45 p.m.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record