UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLSBOROUGH TITLE, INC.
a Florida corporation,
d/b/a PARAMOUNT TITLE,

                                 Case No.:  8:15-cv-01172-EAK-TGW

      Plaintiff,

      v.

SAMORA CONSTRUCTION LLC,
PEARL & SAMORA LLC, and
JPMORGAN CHASE BANK, N.A.,

      Defendants.
_____/

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Preliminary Injunction, as set forth in Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 2). A hearing on the Motion for Preliminary Injunction was held on June 29, 2015 as scheduled by this Court's Order Extending and Amending Temporary Restraining Order entered on June 11, 2015  (Doc. 34), as modified by the Court's Notice of Rescheduling Hearing (As To Time Only) dated June 26, 2015 (Doc. 42). The Court heard argument on, received no objection to, and considered the Motion for Preliminary Injunction.

On May 15, 2015, Hillsborough Title, Inc. d/b/a Paramount Title ("Paramount Title") filed its Emergency Motion for Temporary Restraining Order and Supporting Memorandum of Law ("Motion for TRO") (Doc. 2) seeking to prevent Defendants, and any entities or persons in active concert with them, from dissipating or spending the monies that were misappropriated in this case. Paramount Title also requested that the Court convert the Motion for TRO into a

Motion for Preliminary Injunction.  The Affidavit of James Farr ("Farr Affidavit") (Doc. 3) was incorporated by reference into the Motion for TRO and filed contemporaneously therewith.

On May 18, 2015, this Court granted Plaintiff's Motion for TRO (Doc. 8) based on the facts set forth in Paramount Title's Complaint, Motion for TRO, and the Farr Affidavit, and also scheduled a preliminary injunction hearing to take place on June 1, 2015.  Due to difficulties serving Defendants, Samora Construction LLC ("Samora Construction") and Pearl & Samora LLC ("Pearl & Samora"), Paramount Title filed a Motion for Extension of the Temporary Restraining Order (Doc. 18) to permit sufficient notice of its request for a preliminary injunction and to prevent additional irreparable harm.  On May 29, 2015, the Court granted Paramount Title's Motion for Extension of the Temporary Restraining Order, extended the Temporary Restraining Order until June 15, 2015, and scheduled a preliminary injunction hearing for June 11, 2015 (Doc. 21).

On June 5, 2015, Defendant, JPMorgan Chase Bank, N.A. ("Chase"), filed its Answer to Paramount Title's Complaint (Doc. 26), as well as its Response to Motion for Temporary Restraining Order ("Chase's Response") (Doc. 27).   In support of Chase's Response, Chase attached the Declaration of Wayne C. Carey ("Carey Affidavit") (Doc. 27-1).  Chase's Response and the Carey Affidavit provided additional specifics regarding the misappropriated funds, explaining that they were withdrawn from the Chase bank account associated with Samora Construction ending in 7789 via various cashier's checks.  Chase's filings identified the check numbers, the amounts, the payees on the checks, as well as some other information previously not presented to the Court.  In light of this new information, on June 10, 2015, Paramount Title filed its Motion to Amend the Temporary Restraining Order and Memorandum in Support (Doc. 29) to add specificity to the Temporary Restraining Order.

On June 11, 2015, the Court held a hearing where it considered Plaintiff's Motion to Amend the Temporary Restraining Order and Plaintiff's ore tenus Motion to Extend the Temporary Restraining Order.   During the hearing, the Court received testimony from Paramount Title's Chief Executive Officer, President, and principal shareholder, Aaron Davis, and from Paramount Title's Underwriting Counsel, James Farr.  *See Civil Clerk's Minutes – General* (Doc. 30).   The Court also admitted and considered the exhibits presented by the Plaintiff at the June 11, 2015 hearing (the "Exhibits").  *See Plaintiff's Exhibit List* (Doc. 32).

The Court thereafter granted Plaintiff's Motion to Amend the Temporary Restraining Order, and also granted Plaintiff's ore tenus Motion to Extend the Temporary Restraining Order to ensure adequate notice of the preliminary injunction hearing to Samora Construction (Doc. 34).  The Order Extending and Amending Temporary Restraining Order (Doc. 34) amended the Temporary Restraining Order to provide additional specificity and extended the Amended Temporary Restraining Order through June 29, 2015.  The Court also scheduled a preliminary injunction hearing for June 29, 2015 in that Order.

On June 15, 2015, Paramount Title served Samora Construction with notice of the June 29, 2015 Preliminary Injunction Hearing in addition to other recent case filings (Doc. 44).  The Court held a preliminary injunction hearing on June 29, 2015 where it heard from Paramount Title and Chase (Doc. 46).  Based on the evidence before the Court, including the testimony of James Farr, Aaron Davis, the Farr Affidavit, the Carey Affidavit, and the Exhibits, and the argument of counsel, the Court finds that a preliminary injunction is proper.

To obtain a preliminary injunction, the moving party must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm, (3) that the threat and injury to the moving party outweighs the harm that the injunction may cause the non-moving

party, and (4) that granting the injunction would serve the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001); *Mesa Air Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1128 (11th Cir. 2009).

The facts set forth in the Plaintiff's Complaint, the Farr Affidavit, the Declaration of Wayne C. Carey, the testimony of Aaron Davis, the testimony of James Farr, and the Exhibits sufficiently establish that Paramount Title has met the requirements to obtain a preliminary injunction. The evidence shows that there is a substantial likelihood of Paramount Title's success on the merits as Defendants, Samora Construction and Pearl & Samora, created fake email accounts and counterfeit documents to induce and deceive Paramount Title into wiring funds to a Chase account ending in 7789 associated with Samora Construction. The evidence also shows that if Defendants, or any entities or persons that are in active concert or participation with any of them, are allowed to dissipate or spend those funds which were fraudulently obtained, Paramount Title will be irreparably harmed. This harm is contrasted with the insignificant harm, if any, that Defendants will suffer if they are prohibited from spending or otherwise using the misappropriated funds. The public interest will be served through this injunction as it will prevent Samora Construction from profiting through its wrongful conduct, and will protect Paramount Title from irreparable harm.

After consideration, and for good cause shown, the Court grants the Motion for Preliminary Injunction.

Accordingly, it is **ORDERED AND ADJUDGED AS FOLLOWS:**

**Defendants, and all persons and entities that are in active concert or participation with any of them, including but not limited to Samora Patterson, Patterson Investment LLC, and CMJ Realty, LLC, are enjoined from directly or indirectly spending, moving, transferring, secreting, assigning, conveying, destroying, encumbering, liquidating, mortgaging, selling, or in any other manner disposing of money that was wired to and/or held in the Chase Bank account associated with Samora Construction ending in 7789, and**

otherwise preventing Paramount Title from recovering its funds, pending further order of this Court.

Additionally, the payees on the cashier's checks listed below, and any other checks, cashier's checks or other instruments drawn on or against the Chase Bank account associated with Samora Construction ending in 7789, including but not limited to Samora Patterson, Patterson Investment LLC, and CMJ Realty, LLC, and any manager, officer, employee, or other person associated with any such payees, are enjoined from directly or indirectly spending, moving, transferring, secreting, assigning, conveying, destroying, encumbering, liquidating, mortgaging, selling, or in any other manner disposing of any such checks, cashier's checks or other instruments, including but not limited to the following cashier's checks:

- Check number 1646708953 in the amount of $575,000.00 made payable to Patterson Investment Group LLC.

- Check number 1646708955 in the amount of $585,000.00 made payable to Patterson Investment Group LLC.

- Check number 1646708956 in the amount of $550,000.00 made payable to Patterson Investment Group LLC.

- Check number 1646708962 in the amount of $150,000.00 made payable to Patterson Investment Group LLC.

- Check number 1646708963 in the amount of $200,000.00 made payable to Patterson Investment Group LLC.

- Check number 9806108753 in the amount of $100,000.00 made payable to Patterson Investment Group LLC.

- Check number 9806108752 in the amount of $170,000.00 made payable to CMJ Realty LLC.

Additionally, Defendants, and all persons and entities that are in active concert or participation with any of them, including but not limited to Samora Patterson, Patterson Investment LLC, and CMJ Realty, LLC, are ordered and directed to immediately turn over the cashier's checks listed above, and any other checks, cashier's checks or other instruments drawn on or against the Chase Bank account associated with Samora Construction ending in 7789, to any one of the following:

- **Hillsborough Title, Inc., d/b/a Paramount Title**
  c/o John J. Agliano, Esquire
  Bajo / Cuva / Cohen / Turkel, P.A.
  100 North Tampa Street
  Suite 1900
  Tampa, Florida 33602

- **JPMorgan Chase Bank, N.A.**
  c/o John M. Guard, Esquire
  Quarles & Brady LLP
  101 East Kennedy Boulevard
  Suite 3400
  Tampa, Florida 33602

- **United States Attorney's Office**
  c/o Lakshmi Srinivisan Herman, Esquire
  Assistant United States Attorney
  District of New Jersey
  970 Broad Street
  Newark, New Jersey 07102

- **The Honorable Elizabeth A. Kovachevich**
  United States District Judge
  Sam M. Gibbons United States Courthouse
  801 North Florida Avenue
  Room 1430
  Tampa, Florida 33602

**DONE** and **ORDERED** in Chambers, in Tampa Florida on this 29th day of June 2015 at

3:35 P.m.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record