UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILLSBOROUGH TITLE, INC. d/b/a
PARAMOUNT TITLE,

    Plaintiff,

v.                                                                         Case No: 8:15-cv-1172-CEH-TGW

SAMORA CONSTRUCTION LLC,
PEARL & SAMORA LLC,
JPMORGAN CHASE BANK, N.A.,
PATTERSON INVESTMENT
GROUP LLC, SAMORA
PATTERSON, and BRADFORD
AHYOUNG,

    Defendants.

_____

**ORDER**

This matter comes before the Court on Plaintiff Hillsborough Title, Inc.'s

Renewed Unopposed Motion to Seal Exhibit A (Doc. 256). Upon review, the motion

to seal is due to be denied, without prejudice.

**DISCUSSION**

Plaintiff filed the instant motion to seal in conjunction with its Renewed Motion

for Summary Judgment (Doc. 255). The exhibit is a settlement agreement between

Plaintiff and Hanlex Rummel, LLC, Hanlex Stone Creek LLC, and Hanlex Deerfield

Beach LLC (collectively, "Hanlex"). Doc. 256-1. Hanlex was the intended recipient

of the funds that Plaintiff—as the closing agent for a real estate transaction between

Hanlex and another party—inadvertently transferred to the Patterson Defendants

1

instead of Hanlex. *See* Doc. 255 at 3.  After learning of the fraud, Plaintiff reached a settlement with Hanlex in which Plaintiff fully reimbursed Hanlex from Plaintiff's own funds in return for an assignment of all related claims. *Id.* at 5-6.

In the motion to seal, Plaintiff argues that the settlement agreement is confidential because it contains "sensitive financial terms and proprietary business provisions, the disclosure of which would result in competitive and legal harm and violate the parties' express confidentiality obligations." Doc. 256 at 4.  Plaintiff also asserts that redaction is not feasible because the confidential terms are integrated throughout the agreement. *Id.* at 2.  The settlement agreement is labeled "confidential" and contains a confidentiality provision that prohibits disclosure except under certain circumstances, including to pursue recovery of the stolen funds. Doc. 256-1.

Motions to seal are governed by Middle District of Florida Local Rule 1.11. The party seeking the seal must ensure that the motion sufficiently addresses the procedural requirements of Rule 1.11(b).  In addition, Rule 1.11(a) requires the party seeking the seal to establish the existence of a reason "sufficiently compelling to overcome the presumption of public access." L.R. 1.11(a), M.D. Fla (2024).  The rule explains that "[s]ealing is not authorized by confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation," even regarding settlement agreements. *Id.*

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985), citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, (1978).  "The

common law right of access may be overcome by a showing of good cause, which

requires 'balanc[ing] the asserted right of access against the other party's interest in

keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234,

1245 (11th Cir. 2007), quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304,

1309 (11th Cir.2001).

> The question of whether good cause exists is decided:

> > "by the nature and character of the information in question." In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246, quoting *Chicago Tribute*, 263 F.3d 1304.  Good cause is

established by showing that disclosure will cause "a clearly defined and serious

injury." *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS,

2017 WL 320830, *2 (M.D. Fla. Jan. 23, 2017) (citations omitted).

Here, although the motion complies with the procedural requirements of Local

Rule 1.11(b), Plaintiff has not established the existence of good cause or a sufficiently

compelling reason to overcome the presumption of public access to the 2015 settlement

agreement.   Plaintiff's stated justification that "sensitive financial terms and

proprietary business provisions" that would result in "competitive and legal harm" are

3

integrated throughout the agreement is vague, conclusory, and unsupported by the Court's own review of the agreement. *See Romero*, 480 F.3d at 1247 ("[C]onclusory statements…do not establish good cause."). Although the parties to the agreement determined that it would be "confidential," this designation is not controlling. *See* Local Rule 1.11(a).[1]

Without more, Plaintiff has not identified any specifically defined injury that would be caused by disclosure of the settlement agreement or a sufficiently compelling reason that overcomes the presumption of public access. Therefore, the motion is due to be denied, without prejudice, to renewal upon a showing of sufficient grounds to find the settlement agreement entitled to protection.

Accordingly, it is **ORDERED**:

1. Plaintiff's Renewed Unopposed Motion to Seal (Doc. 256) is **DENIED without prejudice**.

   a. If Plaintiff chooses to do so, Plaintiff may file, within **fourteen (14) days**, a renewed motion to seal the 2015 settlement agreement. If Plaintiff does not file a renewed motion within the time permitted, the Clerk is directed to unseal the document at Doc. 256-1.

---

[1] Plaintiff also notes that the settlement agreement was filed under seal as an exhibit to a 2015 evidentiary hearing. Doc. 256 at 2; *see* Doc. 37. However, the docket does not reflect that it was the subject of a motion to seal or that any analysis of the presumption of public access occurred at that time.

**DONE** and **ORDERED** in Tampa, Florida on May 7, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties