# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HILLSBOROUGH TITLE, INC. d/b/a
PARAMOUNT TITLE,

      Plaintiff,

v.                                                                                Case No: 8:15-cv-1172-CEH-TGW

SAMORA CONSTRUCTION LLC,
PEARL & SAMORA LLC,
JPMORGAN CHASE BANK, N.A.,
PATTERSON INVESTMENT
GROUP LLC, SAMORA
PATTERSON, and BRADFORD
AHYOUNG,

      Defendants.

_____

## <u>ORDER</u>

This matter comes before the Court on Plaintiff Hillsborough Title, Inc.'s

Renewed Motion for Final Summary Judgment. Doc. 255.[1] The motion is unopposed.

Upon review, the motion for summary judgment is due to be granted.

### I.     BACKGROUND[2]

---

[1] Plaintiff is reminded to review and comply with the local rules of the District Court to which they submit pleadings, motions, and other filings. Pursuant to FLMD Rule 1.08, the main text must be at least 13-point font. Times New Roman is only permitted if the main text is at least 14-point.

[2] The Court has determined the facts based on the factual background set forth in Plaintiff's Renewed Motion for Final Summary Judgment (Doc. 255) and the exhibits attached to the motion. Docs. 235, 236, 256-1. No party has disputed these facts, *see*, *e.g.*, Doc. 241, and the time to do so has expired. *See* M.D. Fla. Local Rule 3.01(c). Accordingly, they are undisputed pursuant to Fed. R. Civ. P. 56.

In May 2015, Defendants Samora Patterson and Bradford Ahyoung engaged in a scheme to fraudulently induce Plaintiff to transfer $2,367,233.20 into the Chase bank account of Defendant Samora Construction LLC. Doc. 255 ¶¶ 3-5. The funds were then withdrawn from the Chase account at Chase branches in New York and New Jersey via cashier's checks made payable to Defendants Patterson Investment Group LLC and CMJ Realty LLC. *Id.* ¶¶ 7-11. Patterson and Ahyoung were criminally prosecuted for this scheme and convicted by the District Court for the District of New Jersey. *Id.* ¶¶ 22-25.

Chase froze Samora Construction's account and issued a stop payment order on the cashier's checks that were withdrawn from it. *Id.* ¶ 12. Only one of the checks was ever presented for payment. *Id.* ¶¶ 13-14. While some of the cashier's checks were recovered during the criminal investigation, three of them have not been located. *Id.* ¶¶ 18, 20, 27. The outstanding checks were issued on May 8, 2015, and state, or are reasonably believed to state, "Void after 7 years." *Id.* ¶ 7-9, 21. Chase has retained the funds from the checks' value. *Id.* ¶ 16.

In 2019, pursuant to a settlement agreement, Chase released the value of the cashier's checks that were recovered to Plaintiff and the check cashing institution that paid the only check presented for payment. Doc. 255 ¶¶ 19. But Chase has opposed the return of the value of the remaining cashier's checks, stating a concern that doing so could expose it to duplicate liability if those checks are ever located. Doc. 249 ¶¶ 80-81; Doc. 247 at 7. Chase has been holding the value of those checks, $1,710,000.00,

in a suspense account ("the Suspense Account Funds"), on this Court's Order. Doc. 255 ¶¶ 16, 20; Doc. 47.

Plaintiff filed the instant action soon after the fraud occurred, alleging claims of fraud and civil conspiracy against Samora and his business entities. *See* Doc. 123. The Court entered a default judgment as to those claims on April 10, 2017. Doc. 129. The Court also granted a permanent injunction to prevent those Defendants from spending or otherwise disposing of the funds or the cashier's checks. Doc. 130. Plaintiff had requested this injunctive relief in Count II of its Amended Complaint. *See* Doc. 123 ¶¶ 61-73. Count II of the Amended Complaint also requested that the Court order Chase to return the funds from the outstanding checks to Plaintiff. *Id.* ¶ 67. However, the permanent injunction did not apply to Chase. Doc. 130 at 7 n.2.

This action was then stayed for several years while Plaintiff and Chase, the only remaining Defendant, attempted to negotiate a settlement. *See* Doc. 131. In September 2024, Plaintiff filed an unopposed motion to reopen the case because their negotiations had reached an impasse. *See* Docs. 193, 195. Plaintiff subsequently filed a Second Amended Complaint ("SAC"). Doc. 199.

In a single count, the SAC seeks a declaration that the Suspense Account Funds belong to Plaintiff, that Plaintiff has satisfied all legal requirements to establish ownership of the Suspense Account Funds, and that the unrecovered checks are now void on their face. Doc. 199 ¶¶ 88-92. The SAC further requests that the Court order Chase to disburse the funds to Plaintiff with interest. *Id.* at 21.

The SAC names the following individuals or entities as Defendants: Chase, Patterson, Ahyoung, several entities associated with Patterson—Samora Construction, LLC, Pearl & Samora, LLC, Patterson Investment Group, LLC—and "All Unknown Persons and Entities Claiming by, through, or under any of [the Defendants]." *Id.* p. 1.  Only Chase has answered the SAC. Doc. 207.  The Clerk has entered defaults against Ahyoung and the unknown persons.[3] Docs. 209, 215, 216, 225, 232, 233.

On December 3, 2025, Plaintiff filed a Corrected Third Amended Complaint ("TAC"). Doc. 249. The TAC excludes the "unknown persons" as defendants and identifies only the following entities and individuals as defendants: Chase, Ahyoung, Patterson, and the entities associated with Patterson—Samora Construction LLC, Pearl & Samora, LLC, and Patterson Investment Group.  *Id.* The TAC is now the operative complaint in this action.

Plaintiff filed an Unopposed Motion for Summary Judgment based on claims asserted in the SAC. Doc. 234. Chase did not oppose the motion for summary judgment. Doc. 241.  Specifically, in response to the motion, Chase stated that it "has

---

[3] Default was entered against "any Unknown Defendant claiming any interest in the Suspense Account Funds by, through, or under Samora Construction LLC, Pearl & Samora LLC, JP Morgan Chase Bank, N.A., Patterson Investment Group LLC, Samora Patterson, or Bradford Ahyoung," upon proof that Plaintiff fulfilled the requirements of service by publication pursuant to 28 U.S.C. § 1655. *See* Docs. 211, 213, 220, 224, 225, 232.

The 2017 default judgment was against all Defendants named in the Amended Complaint except for Chase: Patterson, Samora Construction, Pearl & Samora, Patterson Investment Group, and CMJ Realty LLC. Doc. 129.  CMJ Realty was not named in the SAC and is no longer a Defendant in this action.

no objection to the relief requested by Plaintiff so long as Chase is not held liable twice if any Unrecovered Checks reemerge and are presented to Chase for redemption." Doc. 241 at 1. No other Defendant responded to the motion. However, this Court denied the motion as moot because it was not directed at the operative complaint. Doc. 250. After Plaintiff filed the operative TAC, Plaintiff then filed a Renewed Motion for Final Summary Judgment. Doc. 255. No Defendant has responded to the operative Renewed Motion for Summary Judgment, and the time to do so has now expired.

Plaintiff now moves for summary judgment on the sole count of the TAC. Doc. 255. First, Plaintiff argues that the undisputed facts recounted above establish that Plaintiff holds the only legal entitlement to and ownership interest in the Suspense Account Funds. *Id.* at 10-11. During the ten years that this action has been pending, Plaintiff has undergone diligent but unsuccessful efforts to identify any potential claimants to the unrecovered cashier's checks; nor has any claimant come forward on their own. *Id.* at 11-13. Second, Plaintiff contends that the unrecovered checks are legally void and unenforceable. *Id.* at 12-13. Plaintiff points out that any applicable statute of limitations has expired, and the language on the check that voids it after seven years is enforceable. *Id.* at 12-13. In the alternative, Plaintiff argues that the unrecovered checks should be deemed abandoned under unclaimed property laws. *Id.* at 13-14. Finally, Plaintiff requests that the Court enter a final default judgment with respect to Ahyoung. Doc. 255 at 15; Doc. 251-1 at 3.

## II.   MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the evidence before the Court establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Where a motion for summary judgment is unopposed, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  The Court must, at a minimum, review the evidentiary materials submitted in support of the motion for summary judgment to ensure that they do, in fact, support the motion. *Id.*

Here, the Court has reviewed the evidentiary materials Plaintiff submitted in support of its Renewed Unopposed Motion for Summary Judgment and determines that no genuine issue of material fact exists. Thus, Plaintiff is entitled to summary judgment as a matter of law.

First, Plaintiff has established through undisputed evidence that Plaintiff is the sole party entitled to the Suspense Account Funds.  The only other party that had a claim to the funds was Hanlex, which assigned its rights to the funds to Plaintiff in 2015. *See* 263-1.  Nor has anyone attempted to claim the funds during the more than ten years that this action has been pending, including when Plaintiff published notice pursuant to 28 U.S.C. § 1655.

Second, Plaintiff has established through a preponderance of evidence that the unrecovered cashier's checks are no longer valid because they contain the language

"Void after 7 years" on their face, and more than seven years have passed since they were issued. *See* Doc. 236.   Under Florida law, which has adopted the Uniform Commercial Code, a bank cannot refuse payment of a cashier's check at its discretion without incurring liability. *Warren Finance, Inc. v. Barnett Bank of Jacksonville, N.A.*, 552 So.2d 194 (Fla. 1989).   The issuer of a cashier's check is obliged to pay the instrument "according to its terms at the time it was issued." Fla. Stat. § 673.4121(1) (quotation modified).   Here, however, by their terms, the unrecovered cashier's checks became void on their face in 2022.   Moreover, the statute of limitations for wrongful dishonor of a cashier's check has also expired under the laws of Florida, New York, and New Jersey. *See* Doc. 255 at 12 (citing Florida, New York, and New Jersey law). Accordingly, the Court finds that Chase will not be subject to duplicate liability with respect to the unrecovered checks.   Plaintiff's Renewed Motion for Summary Judgment on the sole count of the TAC is due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiff Hillsborough Title, Inc.'s Renewed Motion for Final Summary Judgment (Doc. 255) is **GRANTED.** Plaintiff, Hillsborough Title, Inc., is entitled to a Judgment in its favor and against Defendant JPMORGAN CHASE BANK, N.A. for $1,710,000.00, which is the value of the remaining checks in the Suspense Account Fund.

2. At the conclusion of this case, the Court will enter a Declaratory Judgment.

**DONE** and **ORDERED** in Tampa, Florida on July 14, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties